IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert B. Holt, *individually*, and<br>Estate of Doris Holt, *by and through*<br>*Robert B. Holt, sole beneficiary*,<br><br>                  Plaintiffs,<br><br>v.<br><br>State of South Carolina; South Carolina Department of Social Services; Susan Stroman; Princess Hodges; Susan Tillman; Pamela Dantzler; Kathy Beers; Jennifer Brewton; Brenda Hughes; UniHealth Orangeburg, SC; UniHealth Post Acute Care of Columbia; Latoya Buggs-Williams; Sgt. Darin L. Dougherty; Sgt. George A. Drafts; April Merrill; Columbia Police Department; Lt. Governor Andre Bauer; Lt. Governor Ken Ard; Jason F. Bring; Beth Schuler; Crystal Pavlick; Palmetto Health; Palmetto Senior Care; UHS-Pruitt Corporation; SC Ombudsman's Office; SC Office on Aging; Certain Unknown John Does, and Lt. Col. Carl Burke,<br><br>                  Defendants.<br>_____ | C/A No. 3:12-3539-TLW-PJG<br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

    This is a civil action filed by *pro se* litigants appearing *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e), the assigned magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

    Robert B. Holt, also known as James Spencer, and the Estate of Doris Holt, by and through Robert B. Holt ("Plaintiffs"), sue the State of South Carolina, several state agencies, staff members and officials of those agencies, medical/nursing care-provider

Page 1 of 7

*PJG*

corporations, and employees of those corporations. (Compl., ECF No. 1.) Plaintiffs name twenty-eight different individuals, private corporations, and South Carolina governmental entities as Defendants. They allege constitutional violations and personal injuries arising from the allegedly involuntary confinement of the late Doris Holt in nursing-home facilities and her ultimate demise from pneumonia that was allegedly contracted in one of the nursing homes. (Id. at 21-39.) They assert both federal constitutional and statutory claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985; 5 U.S.C. § 301; 28 U.S.C. §§ 2674, 2680(h); and 18 U.S.C. § 1961, and pendent state-law-based torts claims against all defendants, and they seek damages, injunctive relief, and attorneys fees. (Id. at 40-41.)

Among other things, Plaintiffs allege that the State of South Carolina and several of its state agencies are liable under the Federal Torts Claim Act because the Ombudsman's Office did not sufficiently investigate a claim of elder abuse that was made and actually leaked the substance of the Complaint to the objects of the Complaint. They also claim that all of the defendants conspired and/or worked together to violate both Plaintiff's constitutional rights, and that they all violated the South Carolina Tort Claims Act ("SCTCA") by acting negligently, conspiring against Plaintiffs, and actually inflicting bodily and emotional injury on them.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint in this case pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents:

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This Court is required to construe *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.; Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319, 321 (1972). When a federal court is evaluating a *pro se* pleading, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard,

PJG

however, the *pro se* Complaint in this case is subject to partial summary dismissal as to four defendants: the State of South Carolina, the South Carolina Department of Social Services, the South Carolina Ombudsman's Office, and the South Carolina Office on Aging.

## DISCUSSION

Plaintiff's Complaint should be partially dismissed because four of the defendants are immune from Plaintiffs' federal and state law claims, regardless of whether those claims are considered under this court's federal question or supplemental jurisdiction. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects not only the State, but also its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As the state or an arm of the state, Defendants the State of South Carolina, South Carolina Department of Social Services, the South Carolina Ombudsman's Office, and the South Carolina Office on Aging are entitled to sovereign immunity.[1] *See*

---

[1] To the extent that Plaintiffs raise a claim under the Federal Tort Claims Act against these defendants, such a claim fails because the United States is the only proper defendant to an FTCA claim. *See* 28 U.S.C. § 1346(b) (providing that the district courts shall have jurisdiction for tort claims "against the United States").



*Will*, 491 U.S. at 70-71; *see also Quern v. Jordan*, 440 U.S. 332, 342-43 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in § 1983 for civil rights violations); *Martin v. Clemson Univ.*, 654 F. Supp. 2d 410, 428 (D.S.C. 2009) (stating that "Congress has not overridden the States' immunity with respect to the plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1985 or 1986"); *Gaines v. Texas Tech Univ.*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) (collecting cases and concluding that RICO does not abrogate the states' Eleventh Amendment immunity).

Further, under the South Carolina Tort Claims Act ("SCTCA"),[2] the State of South Carolina partially waived its sovereign immunity, "provid[ing] for liability on the part of the State, its political subdivisions, and employees, while acting within the scope of official duty." S.C. Code Ann. § 15-78-20(b). However, in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), the Court recognized that a state must expressly consent to suit in a federal district court. Id. at 99 n.9. In the SCTCA, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state. S.C. Code. Ann. § 15-78-20(e).

Accordingly, due to the state's lack of consent and in absence of facts showing waiver or abrogation, the Eleventh Amendment prevents this court from exercising any form of its jurisdiction over any of Plaintiffs' claims against the state or its agencies. *Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."); *see also Smith v. Ozmint*, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) (pendent torts claims against the state and its officials

---

[2] The SCTCA is the "exclusive civil remedy available for any tort committed by a governmental entity . . . ." S.C. Code Ann. § 15-78-20(b).



in their official capacity are barred by Eleventh Amendment).  Thus, Plaintiff's claims against the State of South Carolina, South Carolina Department of Social Services, the South Carolina Ombudsman's Office, and the South Carolina Office on Aging are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's claims be dismissed without prejudice as to Defendants State of South Carolina, South Carolina Department of Social Services, the South Carolina Ombudsman's Office, and the South Carolina Office on Aging.  *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

The Complaint should be served as to the remaining defendants except the unidentified "John Does."

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 29, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).