IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert B. Holt individually and on behalf of the estate of his mother Doris C. Holt, | ) ) ) | Civil Case No. 3:12-3539-MGL |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| South Carolina Department of Social Services, Susan Stroman, Princess Hodges, Susan Tillman, Pamela Dantzler, Kathy Beers, Jennifer Brewton, Brenda Hughes, UniHealth - Orangeburg, SC, UniHealth Post Acute Care of Columbia, Latoya Buggs-Williams, Sgt. Darin L. Dougherty, Sgt. George A. Drafts, April Merrill, Columbia Police Department, Andre Bauer, Ken Ard, Jason F. Bring, Beth Shuler, Crystal Pavlick, Palmetto Health, Palmetto Senior Care, UHS-Pruitt Corporation, SC Ombudsman's Office, and Lt. Col. Carl Burke, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for ruling on Plaintiffs' Motion For Recusal, (ECF No. 176), filed October 15, 2014. In its motion, Plaintiffs assert that the undersigned is required to recuse herself from further consideration of this matter pursuant to the dictates of 28 U.S.C. § 455, which states, in relevant part, that any judge of the United States shall disqualify himself or herself "[w]here in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter." 28 U.S.C § 455 (b)(2). Importantly, where this factual scenario

1

is presented, the Court is <u>required</u> to disqualify itself, whether or not it believes that it can be impartial.

In his motion, Plaintiff Robert B. Holt asserts that, for a time during 2010 and 2011, he provided information concerning his present lawsuit to an attorney of the firm of which the undersigned was a member. (ECF No. 176). Upon receipt of Plaintiffs' motion, the Court was able to confirm that Plaintiff Holt did, in fact, consult with one of the undersigned's former law partners about this matter and did provide documentation concerning this matter to said law partner, all during a time period in which the undersigned was still a member of the firm. The undersigned herself had no contact with Plaintiff Holt or any knowledge of the consultation. Nonetheless, the consultation and passing of documentation related to this matter appears to have taken place.

In light of the foregoing, the Court is constrained to conclude that it must recuse itself pursuant to the dictates of 28 U.S.C. § 455. In reaching this determination, the Court is likewise mindful of the appearance of impropriety standard set out in Canon 1 of the Code of Judicial Conduct. Plaintiffs' Motion for Recusal is therefore **GRANTED**. (ECF No. 176).

**AND IT IS SO ORDERED.**

                                                      <u>s/Mary G. Lewis</u>
                                                      Honorable Mary Geiger Lewis
                                                      United States District Judge

Spartanburg, South Carolina
October 20, 2014