**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Robert B. Holt, Estate of Doris Holt, | ) | |
| | ) | Civil Action No. 3:12-cv-03539-JMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Susan Stroman, Princess Hodges, Susan | ) | |
| Tillman, Kathy Beers, Jennifer Brewton, | ) | |
| UniHealth Post Acute Care of Columbia, | ) | |
| Latoya Buggs-Williams, Sgt. Darin L. | ) | |
| Dougherty, Sgt. George A. Drafts, | ) | |
| Columbia Police Department, Andre Bauer, | ) | |
| Ken Ard, Beth Schuler, Crystal Pavlick, | ) | |
| Palmetto Health, Palmetto Senior Care, | ) | |
| UHS-Pruitt Corporation, Lt. Col. Carl | ) | |
| Burke, Brenda Hodges, Pamela Danzler, | ) | |
| UniHealth Orangeburg SC, April Merill, | ) | |
| Jayson Bring, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Robert B. Holt, also known as James B. Spencer, and the Estate of Doris Holt,

through sole beneficiary Robert B. Holt, (collectively "Plaintiffs") filed this action alleging

Defendants Darin L. Dougherty, George A. Drafts, April Merrill, Carl Burke, Columbia Police

Department, Jason Bring, Pamela Dantzler, Brenda Hughes,[1] Crystal Pavlick, UniHealth Post-

Acute Care – Orangeburg, LLC, UniHealth Post-Acute Care – Columbia, LLC, UHS-Pruitt

Corporation, Beth Shuler, Palmetto Health d/b/a Palmetto Senior Care, Kathy Beers, Jennifer

Brewton, Suzanne Tillman, Susan Stroman, Princess Hodges, Latoya Buggs-Williams, Andre

Bauer, and Ken Ard,[2] (collectively "Defendants") in retaliation for Plaintiffs filing a lawsuit[3]

---

[1] Identified in the First Amended Complaint and in the caption as "Brenda Hodges."
[2] These represent the correct spellings and designations of Defendants' names as noted by Defendants in their various motions. (*See* ECF Nos. 106, 110, 111, 127, 134, 165, 185.)

against Horry County, South Carolina, conspired to place Doris Holt in various facilities and mistreat her, hastening her death. (ECF No. 99.) This matter is before the court on Defendants Dougherty, Drafts, Merrill, Burke, and Columbia Police Department's (collectively "City Defendants") Motions to Dismiss, (ECF Nos. 106, 185[4]), Defendant Bring's Motion to Dismiss (ECF No. 110), Defendants Dantzler, Hughes, Pavlick, UniHealth Post-Acute Care – Orangeburg, LLC, UniHealth Post-Acute Care – Columbia, LLC, and UHS-Pruitt Corporation's (collectively "Healthcare Defendants") Motion to Dismiss (ECF No. 111), Defendant Shuler's Motion to Dismiss or for Summary Judgment (ECF No. 127), Defendants Palmetto Health d/b/a Palmetto Senior Care, Beers, Brewton, and Tillman's (collectively "Palmetto Health Defendants") Motion for Summary Judgment (ECF No. 134), and Defendants Stroman, Hodges, Buggs-Williams, Bauer, and Ard's (collectively "State Defendants") Motion for Summary Judgment (ECF No. 165).

For the reasons set forth herein, the court thereby **DISMISSES** this action (ECF No. 99).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs first proceeded *pro se*, filing the initial Complaint on December 14, 2012. (ECF No. 1.) On April 22, 2014, now represented by counsel, Plaintiffs filed the First Amended Complaint ("Complaint"), naming five fewer defendants than the initial Complaint. (ECF No. 99.) Plaintiffs make several allegations against Defendants, which Plaintiffs arrange into 10 counts:[5] (1) South Carolina Tort Claims Act, (2) "42 U.S.C. § 1983 Violation of Constitutional Rights, 42 U.S.C. § 1981 (Equal Rights Under the Law), Violation of Constitutional Rights, 42

---

[3] *Southern Holdings, Inc. v. Horry County,* Civil Action No. 4:02-cv-01859-RBH.
[4] Defendant Burke is not named as a movant in ECF No. 106, but joins the other City Defendants in ECF No. 185.
[5] The Complaint lists 11 counts, but Count 11 is labeled "Damages" and discusses Plaintiffs' requested monetary relief.

U.S.C. § 1985 (Conspiracy to Deprive Person of His/Her Individual Rights or Property)," (3) "Violation of Civil Rights of Plaintiffs Racketeer Influenced and Corrupt Organization Act ["RICO"] 18 U.S.C. § 1961 42 U.S.C. § 1983," (4) "Violations of Civil Rights of Plaintiffs 42 U.S.C. § 1985," (5) "Common Law Conspiracy Intentional Infliction of Emotional Distress," (6) "Defamation South Carolina Common Law Civil Conspiracy," (7) "Negligent and/or Intentional Infliction of Emotional Distress Vicarious Liability," (8) Tortious Interference with a Contract, (9) False Imprisonment, and (10) Wrongful Death. (*Id.* at 34-49.) Plaintiffs seek in excess of $27 million in compensatory and punitive damages, including treble damages under the RICO Act, attorney's fees and costs of litigation, a permanent injunction "prohibiting defendants from operating the Office of the Lieutenant Governor's Ombudsman Office in such a way as to deny due process to persons charged with abuse, neglect or exploitation and requiring due process prior to removing a vulnerable adult from his or her home without probable cause," and an "order prohibiting defendants from retaliatory action against plaintiff and continued jurisdiction in this Court for violations thereof." (*Id.* at 49-52.)

The City Defendants filed their first Motion to Dismiss on May 6, 2014. (ECF No. 106.) Defendant Bring and the Healthcare Defendants followed with their Motions to Dismiss on May 19, 2014. (ECF Nos. 110, 111.) Defendant Shuler filed a Motion to Dismiss or for Summary Judgment on July 3, 2014. (ECF No. 127.) Motions for Summary Judgment followed from the Palmetto Health Defendants on August 1, 2014 (ECF No. 134), and the State Defendants on September 26, 2014 (ECF No. 165). The final Motion to Dismiss from the City Defendants, this time including Defendant Burke, was filed on October 20, 2014. (ECF No. 185.) Plaintiff filed Responses to each Motion, with the exception of the Healthcare Defendants' Motion (ECF No. 111; *see* ECF Nos. 112, 123, 132, 138, 175, 188).

## II. LEGAL STANDARD AND ANALYSIS

"Every party—*pro se* or otherwise—must comply with the Federal Rules of Civil Procedure." *Salley v. Bank of Am., N.A.,* 2014 WL 2768660, at *3 (E.D.N.C. June 18, 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678; *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (per curiam)).

Pleadings are governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "While Rule 8 does not require 'detailed factual allegations,' a plaintiff must still provide 'more than labels and conclusions' because a 'formulaic recitation of the elements of a cause of action will not do.'" *Negron-Bennett v. McCandless,* 2013 WL 3873659, at *2 (E.D. Va. July 24, 2013) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555-56 (2007)).

"[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988) (citing *Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir. 1980); 2A Moore's Federal Practice ¶ 8.13, at 8–61 (2d ed. 1987)). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

When determining whether a complaint is properly dismissed under Rule 8(a), courts may consider various factors, such as the length and complexity of the complaint, whether the complaint was clear enough to allow defendants to know how to defend themselves against the

charges, and whether plaintiff was represented by counsel. *Sewraz v. Long,* 407 Fed. App'x 718, 718-19 (4th Cir. 2011) (unpublished).

As an initial matter, Defendants Tillman, Beers, Buggs-Williams, Pavlick, and Merrill, other than appearing in the caption and being listed as Defendants in the section of the Complaint labeled "The Responsible and Contributory Individuals and Entities Include but are Not Limited to," are not named in any factual allegations, or, in fact, ever again in the Complaint. (*See* ECF No. 99 at 4-5, 7, ¶¶ 12, 14, 19, 23, 29.) Although Plaintiffs list vicarious liability as part of Count Seven, none of these Defendants are named, with Plaintiffs naming only the entity Defendants and Defendant Bring under this count. (*Id.* at 45-46.) With no facts alleged as to any of these Defendants, Plaintiffs cannot state a claim against them for which relief can be granted, and these Defendants are therefore dismissed from this action.

In general, however, Plaintiffs' Complaint fails to meet the pleading requirements of Rule 8. Plaintiff's Complaint shares many similarities with the complaint examined by the United States District Court for the Eastern District of Virginia in *Negron-Bennett v. McCandless.* In that case, the complaint consisted of 45 single-spaced pages, enumerating nine counts, all alleged against each of 50 defendants. 2013 WL 3873659, at *1, 4 (E.D. Va. July 25, 2013). "The result is that the Complaint is replete with factual allegations that could not possibly be material to each specific count, and that any allegations that are material are buried beneath numerous pages of rambling irrelevancies." *Id.* at *4. Here, Plaintiffs have filed a 53-page, double-spaced Complaint with 10 counts, each alleged against all 22 Defendants.[6]

---

[6] The Complaint lists 23 Defendants, however, in the Palmetto Health Defendants' Motion, Palmetto Health and Palmetto Senior Care are listed as one in the same ("Palmetto Health d/b/a/ Palmetto Senior Care"), and thus are treated as one Defendant. (*See* ECF No. 134.)

The problem is evident from just a cursory review of the headings Plaintiffs assign to each count. Although Plaintiffs divide their allegations into 10 counts, as the City Defendants point out in their second Motion to Dismiss, the Complaint appears to allege roughly 13 or more counts. (ECF No. 185-1 at 2; *see* ECF No. 99 at 34-48.) Within the listed counts, Plaintiffs make only conclusory statements, outline the relevant law with only vague allusions to the alleged facts, or mention a few facts that still fall far short of showing how Defendants' actions meet the elements of the causes of action alleged. Instead, Plaintiffs begin each count with "Plaintiffs repeat and re-allege and incorporate by reference the allegations in the above paragraphs with the same force and effect as if herein set forth" or a derivation thereof. (*See* ECF No. 99 at 34-48, ¶¶ 125, 131, 140, 157, 173, 180, 186, 199, 202, 207.) As a result, Defendants, and this court, are left to guess which facts and Defendants pertain to which counts. "In short, the complaint in its present form does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *North Carolina v. McGuirt,* 114 Fed. App'x 555, 559 (4th Cir. 2004) (unpublished) (Finding the district court did not abuse its discretion when dismissing a complaint that was "long and complex" and forced the reader to cross reference the factual background section to match to the legal claims.)

The confusion resulting from this pleading style becomes even more evident as Defendants attempt to decipher the claims in their Motions. Count Six, "Defamation South Carolina Common Law Civil Conspiracy," is particularly illustrative of the confusing nature of this Complaint. In their Motion, the City Defendants note, Count Six "appears to be a mix of state law claims of 'civil conspiracy' and 'defamation,' although it does not specify any statements that are allegedly defamatory or conduct that is conspiratorial." (ECF No. 165 at 3.)

To this, Plaintiff replies, "[t]his is predominately for **Defamation**, as Plaintiffs have already made their *prima facie case* for conspiracy based on fact and law, addressed above." (ECF No. 175 at 11 (emphasis in original).)  Adding to the confusion, this claim is discussed solely as a defamation claim in other Motions and Responses, making no mention of the conspiracy charge, (*see, e.g.,* ECF Nos. 110, 123), but discussion of conspiracy within this count arises in other documents (*see, e.g.,* ECF No. 194).

In addition, the State Defendants note that a claim of defamation carries a two year statute of limitations from the time an alleged defamatory statement is made, and thus a claim regarding any statements made prior to December 14, 2010 (two years prior to Plaintiffs' initial *pro se* complaint) would be barred.  (ECF No. 165 at 7.)  However, with factual allegations spanning May 2009 to February 2011 (*see* ECF No. 99 at 7-28), absent clear allegations regarding which Defendant made a statement and when, Defendants are unable to determine if this claim is barred.

Further, the Motions and Responses make it clear that Plaintiffs cannot sustain claims against all Defendants for all counts, as alleged.  When Defendant Bring notes Plaintiffs have not alleged any oral or written statements by Defendant Bring that are allegedly defamatory (ECF No. 110-1 at 15), Plaintiffs simply respond, "it is agreed that this defendant did not defame the Plaintiffs" (ECF No. 123 at 12).  Most tellingly, Plaintiffs go on to say "when a complaint involves so many defendants, it is practically impossible that each and every defendant is charged with all counts."  (*Id.*)  By Plaintiffs' own admission, this Complaint can hardly provide fair notice to Defendants regarding what claims against which they must defend themselves.  It is not the job of Defendants or of this court to make Plaintiffs' case for them.  As the court in *Negron-Bennett* stated, "Plaintiffs have left to the Court the task of fishing through the

Complaint to reconcile its extensive factual allegations with the various causes of action, an endeavor considerably aggravated by the Complaint's indiscriminate allegation of every cause of action against every one of the… Defendants.    The Court declines to undertake such a task." 2013 WL 3873659, at *5.

The deficiencies with the pleading of Count Six serve merely as an illustration.  These and other pleading deficiencies affect all counts across the Complaint in its entirety.

Other courts that have addressed Rule 8 deficiencies have cautioned that dismissal under this rule, particularly dismissal with prejudice, can be a harsh remedy.  *See Negron-Bennett,* 2013 WL 3873659, at *7; *McGuirt,* 114 Fed. App'x at 559.  However, courts are most cautious when a plaintiff is proceeding *pro se*.  Here, Plaintiffs have the aid of counsel, and are not navigating unknown legal standards without the guidance of a trained attorney.  Further, the court notes, Plaintiffs' attempt to amend the Complaint a second time was denied as the proposed amendments were "vague" and amendment would be futile.  (ECF No. 98 at 3.)  As such, unlike other courts that have instructed plaintiffs to file a more clarified amended complaint, the court finds dismissal to be appropriate in this case.  Leave to file an amended complaint, in light of the confusing nature of the Complaint, even with the aid of counsel and additional attempts at amending, would serve only to further drain the time and resources of Defendants and of this court.  The dismissal, however, will be without prejudice, allowing Plaintiffs to refile a more clear "short and plain" statement of the case in the future.

### III. CONCLUSION

Based on the aforementioned reasons, it is therefore ordered that this action (ECF No. 99) is **DISMISSED** without prejudice.  The court therefore **DENIES AS MOOT** the City Defendants' Motions to Dismiss (ECF Nos. 106, 185), Defendant Bring's Motion to Dismiss

(ECF No. 110), the Healthcare Defendants' Motion to Dismiss (ECF No. 111), Defendant

Shuler's Motion to Dismiss or for Summary Judgment (ECF No. 127), the Palmetto Health

Defendants' Motion for Summary Judgment (ECF No. 134), and the State Defendants' Motion

for Summary Judgment (ECF No. 165).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 11, 2015
Columbia, South Carolina